25-2226
*Golden v. NBCUniversal Media*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-six.

PRESENT:
> SUSAN L. CARNEY,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

SHERHONDA GOLDEN, Individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant,*

> v.                                                                    No. 25-2226

NBCUNIVERSAL MEDIA, LLC,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:

JOSHUA HAMMACK (Michael L. Murphy, *on the brief*), Bailey & Glasser, LLP, Washington, D.C.

FOR DEFENDANT-APPELLEE:

BENJAMIN THOMASSEN (Jeffrey Landis, *on the brief*), ZwillGen PLLC, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 3, 2025, is **AFFIRMED**.

Plaintiff-Appellant Sherhonda Golden appeals the judgment of the district court that dismissed her Fourth Amended Complaint against Defendant-Appellee NBCUniversal Media, LLC ("NBC"). Golden alleged that NBC violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by sharing personally identifiable information about her video-watching activity with third parties without her consent. In particular, she alleges that in its website, Today.com, NBC embedded a "Facebook Pixel" that caused a tracking code reflecting her unique Facebook identification number along with the specific videos she had watched to be transmitted to Facebook. The district court granted NBC's motion to dismiss

on the basis of this Court's decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), *cert. denied*, 146 S.Ct. 885 (Dec. 8, 2025), which held that factually similar allegations failed to state a VPPA claim. *See Golden v. NBCUniversal Media, LLC*, No. 22-cv-9858, 2025 WL 2530689, at *5–7 (S.D.N.Y. Sep. 3, 2025).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review the grant of a motion to dismiss under Rule 12(b)(6) without deference to the district court's reasoning." *Marcus & Cinelli, LLP v. Aspen American Insurance Co.*, 158 F.4th 333, 340 (2d Cir. 2025).[2] "If, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the complaint fails to plausibly state a claim, then dismissal under Rule 12(b)(6) is warranted." *Id.*

Under the VPPA, "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person." 18 U.S.C. § 2710(b)(1).

---

[1] Golden also brought a state law claim for unjust enrichment premised on the same facts. The district court dismissed the unjust enrichment claim as duplicative of Golden's VPPA claim. *See Golden*, 2025 WL 2530689, at *8. Golden does not challenge this ruling on appeal.

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

"Personally identifiable information" is defined in the VPPA to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." *Id*. § 2710(a)(3).

In *Solomon*, this Court recently considered for the first time whether the information disclosed to Facebook through the Facebook Pixel constitutes "personally identifiable information" for purposes of the VPPA. 136 F.4th at 47–55. Based on the text and context provided by other provisions of the statute, and fortified by the legislative history and guidance from other Circuits' decisions, we determined that "personally identifiable information" "encompasses information that would allow an ordinary person to identify a consumer's video-watching habits, but not information that only a sophisticated technology company could use to do so." *Id.* at 52. We concluded that this ordinary person test best aligns with the statute's text and purpose because it ties liability to what the disclosing party "knowingly discloses," 18 U.S.C. § 2710(b), and not to what a technologically savvy third party may do with that information. *See Solomon*, 36 F.4th at 52.

Applying that test, we concluded that the information transmitted to Facebook by the Facebook Pixel tracking code, containing both a URL conveying information on video content watched by a user and a unique ID number tied to

that user's Facebook profile, was not personally identifiable information. *See id*. at 54–55. We reasoned that an ordinary person could not, "with little or no extra effort," identify a user's video watching habits on the basis of the code conveyed to Facebook. *Id.* at 54.

The district court here rightly determined that *Solomon* compels dismissal of Golden's claims, which are based on substantially the same allegations as in *Solomon*.

Golden does not dispute that *Solomon* is dispositive. Rather, she argues that *Solomon* is no longer good law in light of intervening Supreme Court precedent. In particular, she cites a series of recent decisions that she contends compel a different analysis: *Ames v. Ohio Department of Youth Services*, 605 U.S. 303 (2025), *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. 223 (2025) and *A. J. T. ex rel. A. T. v. Osseo Area Schools, Independent School District No. 279*, 605 U.S. 335 (2025).[3]

A prior decision of this Court is "binding authority from which we cannot deviate, unless and until it is overruled either by an en banc panel of our Court or

---

[3] In addition, in a March 30, 2026 letter submitted to the Court under Fed. R. App. P. 28(j), Golden identified a fourth case that she claims supports her argument: *Rico v. United States*, 607 U.S. ---, 146 S. Ct. 947 (2026). There, the Supreme Court held that the Sentencing Reform Act does not authorize a rule adopted by the Ninth Circuit automatically extending a defendant's period of supervised release if the defendant violates the conditions of her supervision by absconding. *Id.* at 952–53. Nothing in that case alters our analysis.

by the Supreme Court." *Gilead Community. Services, Inc. v. Town of Cromwell*, 112 F.4th 93, 100 (2d Cir. 2024). A narrow exception to that principle applies when "an intervening Supreme Court decision casts doubt on the prior ruling—that is, where the Supreme Court's conclusion in a particular case broke the link on which we premised our prior decision." *Id.* That exception applies only if there is a "conflict, incompatibility, or inconsistency between this Circuit's precedent and the intervening Supreme Court decision," and we "resort to this exception cautiously," as "less-than-stringent application of the standards for overruling prior decisions not only calls into question a panel's respect for its predecessors but also increases uncertainty in the law by revisiting precedent without cause." *Id.*

None of the Supreme Court decisions Golden cites creates a "conflict, incompatibility, or inconsistency" with *Solomon*. *Id.* In each case, the Supreme Court concluded that, in applying a statute, the Court of Appeals had adopted requirements that went beyond what the statutory text required or allowed. In *Ames*, the Court held that Title VII does not make or allow for any distinction between discrimination claims brought by majority-group plaintiffs and those brought by minority-group plaintiffs. 605 U.S. at 309–311. In *CC/Devas*, the Court

6

rejected the Ninth Circuit's imposition of a minimum contacts requirement on top of the two enumerated requirements for personal jurisdiction in the Foreign Sovereign Immunities Act. 605 U.S. at 232–36. And in *A. J. T.*, contrary to the Eighth Circuit's view, the Court concluded that nothing in the text of the Americans with Disability Act or the Rehabilitation Act requires that discrimination claims based on educational services be subject to a distinct, more demanding analysis than disability discrimination claims brought in other contexts. 605 U.S. at 344–49.

Far from announcing new rules that conflict with this Court's decision in *Solomon*, these cases simply apply longstanding principles that a statute's text is the lodestar for its interpretation, and other considerations may not be used to reach an interpretation at odds with the statutory text. That is exactly the approach taken by *Solomon*. Thus, Golden has not demonstrated that the decisions she cites warrant this panel taking the extraordinary step of seeking to overrule our precedent, regardless of any disagreement Golden may have with the merits of our prior decision. *See Gilead*, 112 F.4th at 100 (holding that overruling precedent was unwarranted where none of the cited Supreme Court decisions addressed the statute at issue, and the decisions counseled "that we must interpret individual

7

statutes on the basis of their particular text, structure, and history, and caution[ed] against unreflective application of rules from one statute to another").  Indeed, the panel *could not* do so absent agreement by a majority of the active judges of this Court that the narrow exception discussed above applies.  *See U.S. v. Peguero*, 34 F.4th 143, 158 n.9 (2d Cir. 2022) ("[A] three-judge panel may overrule Circuit precedent if it first follows a mini-*en banc* procedure—*i.e.*, if the panel circulates its opinion among all active judges and receives no objections to its filing.").

Because Golden's factual allegations are materially indistinguishable from the claims we decided in *Solomon*, and because *Solomon* is binding precedent in this Circuit, the district court properly dismissed her claims.

\* \* \*

For the above reasons, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8